## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 14 2018, 6:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Darlene R. Seymour
Bryan L. Ciyou
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jane H. Ruemmele
Hayes Ruemmele, LLC
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

V.E.,

*Appellant-Petitioner,*

v.

A.S.,

*Appellee-Respondent.*

November 14, 2018

Court of Appeals Case No.
18A-PO-1226

Appeal from the Hamilton
Superior Court

The Honorable William J. Hughes,
Judge

Trial Court Cause No.
29D03-1803-PO-1910

**Bradford, Judge.**

# Case Summary

In May of 2017, then-twenty-eight-year-old V.E. and then-twenty-year-old A.S. were engaging in sexual intercourse when they were interrupted by V.E.'s mother. V.E. subsequently sought a protective order against A.S., claiming that A.S. had committed a sex offense against her and had stalked her. The trial court issued an Ex Parte Order for Protection ("Ex Parte Order") and set the matter for a hearing. Following the hearing, the trial court terminated the Ex Parte Order and denied V.E.'s request for an order of protection, determining that V.E. had failed to establish that either a sex offense or stalking had occurred. V.E. challenges the trial court's determination regarding the sex offense on appeal. Because we conclude that the trial court's determination is supported by the record, we affirm.

# Facts and Procedural History

Prior to the night in question, V.E. and A.S. performed in a jazz band and attended some social events together. Although V.E. denied being involved in a romantic relationship with A.S., she expressed interest in such a relationship on various occasions.

On the evening of May 3, 2017, the jazz band rehearsed and had dinner together at the home V.E. shared with her mother. After rehearsal, A.S. stayed and socialized with V.E. At some point, V.E. and A.S. began engaging in sexual intercourse. They continued to do so until they were interrupted by

V.E.'s mother. After V.E.'s mother made her presence known, V.E. expressed her embarrassment before running up the stairs to her bedroom.

[4] The next day, V.E. sent A.S. a series of text messages. At first, V.E. admitted to initiating sexual contact. V.E.'s texts later became accusatory and suggested that A.S. had taken advantage of her when she was drunk. Two days after the incident, V.E. sought medical treatment for an alleged rape.

[5] On March 1, 2018, V.E. filed a petition for a protective order against A.S., alleging that she had been the victim of a sex offense committed by A.S. Based on the statements alleged in V.E.'s petition, the trial court granted an Ex Parte Order and set the matter for a hearing. V.E.'s testimony during the two-day hearing differed significantly from that of both her mother and A.S. Specifically, her testimony regarding her alleged state of drunkenness and hers and A.S.'s actions leading up to, during, and after intercourse contradicted the largely consistent testimony presented by her mother and A.S. V.E.'s testimony also contained contradictions to earlier statements she had given in connection to the case. On April 30, 2018, the trial court terminated the Ex Parte Order and denied V.E.'s request for an order of protection, finding that V.E. "has not shown, by a preponderance of the evidence, that … a sex offense has occurred sufficient to justify the issuance of an Order for Protection." Appellant's App. Vol. II p. 8.

# Discussion and Decision

[6] V.E. contends that the trial court erred in denying her request for a protective order against A.S.

> Protective orders are similar to injunctions…. We apply a two-tiered standard of review: we first determine whether the evidence supports the findings, and then we determine whether the findings support the order. In deference to the trial court's proximity to the issues, we disturb the order only where there is no evidence supporting the findings or the findings fail to support the order. We do not reweigh evidence or reassess witness credibility, and we consider only the evidence favorable to the trial court's order. The party appealing the order must establish that the findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made.

*Fox v. Bonam*, 45 N.E.3d 794, 798 (Ind. Ct. App. 2015) (citations and quotation omitted).

[7] In challenging the trial court's denial of her request for a protective order, V.E. asserts that the trial court erroneously determined that she failed to prove by a preponderance of the evidence that a sex offense occurred. While V.E. admits that she and A.S. engaged in sexual intercourse, she argues that "the undisputed evidence in this case is that the parties engaged in sexual intercourse at a time when [V.E.] was very drunk" and "was not legally capable of consenting to sexual conduct." Appellant's Br. p. 7.

[8] It is not undisputed, however, that V.E. was "very drunk." While the record indicates that V.E. drank at least some alcohol on the night in question, it contains contradictory evidence relating to the amount of alcohol consumed

and V.E.'s resulting level of drunkenness. The trial court, acting as the trier-of-fact, found that V.E. failed to prove by a preponderance of the evidence that she was so intoxicated that she could not give consent. V.E.'s claims on appeal effectively amount to an invitation for this court to reassess her credibility and reweigh the evidence, which we will not do. *Fox*, 45 N.E.3d at 798. The evidence most favorable to the trial court's order supports its determination that V.E. failed to prove that a sex offense occurred. We therefore affirm the trial court's termination of the Ex Parte Order and denial of V.E.'s request for an order of protection against A.S.

[9] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.